THE STATE OF OHIO, APPELLEE, *v.* VAN DYNE, APPELLANT.

(No. 2102—Decided November 4, 1964.)

*Miss Virginia Weiss*, prosecuting attorney, for appellee.
*Messrs. Gottlieb, Johnston & Beam*, for appellant.

RUTHERFORD, P. J.  This is an appeal on questions of law from a judgment of the Juvenile Court of Licking County, Ohio, ordering the defendant, who is the father of two children ages 11 and 7 years, to pay $20 per week for their support, commencing May 2, 1964.

The proceeding in Juvenile Court was upon an affidavit of nonsupport filed under the provisions of Section 2151.42 *et seq.* of the Revised Code.

We have no bill of exceptions.  There is, however, no dispute as to facts or the issue, which is one of law.

The two children were born in wedlock to the defendant, Frederick Albert Van Dyne, and his then wife, Nancy.

On May 8, 1959, the children were found to be dependent and committed to the temporary custody of the Child Welfare Board of Muskingum County by the Juvenile Court of Muskingum County.

On September 28, 1960, Frederick Albert Van Dyne and Nancy were divorced.

Subsequently Nancy married a Mr. Karner.  The children

were placed by the Welfare Board with their maternal grand-parents in Licking County.

On August 15, 1962, Mr. Van Dyne, under the provisions of Section 5103.15, Revised Code, executed a permanent surrender agreement in favor of the Muskingum County Child Welfare Board. The agreement contained a provision authorizing the board to appear in any proceeding, for the legal adoption of such children, and consent to their adoption. It was not signed by the mother and she has never entered into any surrender agreement.

Thereafter, Nancy was divorced from Mr. Karner and the children have been residing along with their mother, in the home of the maternal grandparents in Licking County.

On May 2, 1964, the Juvenile Court, following hearing, made the final order by journal entry:

"Custody of child welfare board terminated, Children placed in custody of mother, Nancy Karner."

The only assigned error is that the court erred as a matter of law in its finding that the defendant, Frederick Albert Van Dyne, is charged by law with the support of such children.

The defendant's sole basis for the assigned error is dependent upon what effect a permanent surrender agreement made between only one parent and an association or institution of this state established for the purposes of aiding, caring for, or placing children in homes, which has been approved and certified by the division of social administration, has upon the signing parent's obligation to support the child thereafter.

The Supreme Court of Ohio has said in the case of *Kozak* v. *The Lutheran Children's Aid Society*, 164 Ohio St., 335, as stated in the opinion at page 342, that where a permanent surrender has been made in compliance with Section 5103.15, Revised Code, the institution to which the surrender is made is permanently *in loco parentis* so far as the minor children and their parents are concerned. Also, that where such agreement is voluntarily made, without fraud or misrepresentation, and is accepted by the association or institution, the agreement is irrevocable except with the consent of the association or institution.

In the foregoing case the agreement was signed by both parents and it seems clear that the case upon its facts must be

limited to those agreements of permanent surrender which have the effect of placing the association or institution permanently *in loco parentis* so far as the minor children and their parents are concerned.

It is our finding that, when circumstances are such that permanent surrender agreements by both parents are necessary to place a child permanently *in loco parentis* with an institution or association, so far as the minor child and the parents are concerned, the father alone, under the provisions of Section 5103.15 of the Revised Code, cannot execute a unilateral permanent surrender agreement which will relieve him of the legal obligation to support his child.

We find no error prejudicial to the defendant. The judgment is affirmed.

*Judgment affirmed.*

McLaughlin and Van Nostran, JJ., concur.